**BRYAN CAVE LLP**
Robert G. Lancaster (Bar No.  257504)
*rglancaster@bryancave.com*
Kristy A. Murphy (Bar No.  252234)
*kristy.murphy@bryancave.com*
120 Broadway, Suite 300
Santa Monica, California  90401
Telephone:   (310) 576-2100
Facsimile:    (310) 576-2200

Attorneys for Plaintiff
ISLE OF CAPRI CASINOS, INC.

### IN THE UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISLE OF CAPRI CASINOS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LARRY FLYNT, As Individual and as Trustee of the LARRY FLYNT REVOCABLE TRUST, CASINO, LLC, a California LLC and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. _____ <br><br> **PLAINTIFF'S COMPLAINT FOR:** <br><br> **(1) TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a);** <br> **(2) FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a);** <br> **(3) FEDERAL TRADEMARK COUNTERFEITING IN VIOLATION OF 15 U.S.C. §1114; and** <br> **(4) UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*** <br><br> **JURY TRIAL DEMANDED** |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Plaintiff Isle of Capri Casinos, Inc. ("Isle of Capri") hereby alleges for its complaint against Defendants Larry Flynt, individually and as Trustee of the Larry Flynt Revocable Trust, Casino, LLC and DOES 1 through 10 (collectively, "Flynt") as follows:

## NATURE OF ACTION

1.      This is an action for trademark infringement under 15 U.S.C. § 1125(a), false designation of origin and unfair competition under 15 U.S.C. § 1125(a), federal trademark counterfeiting in violation of 15 U.S.C. §1114; and unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

2.      Plaintiff Isle of Capri owns numerous federal trademark registrations for LADY LUCK® and LUCKY LADY®.  Isle of Capri uses its LADY LUCK® and LUCKY LADY® marks on, among other goods and services, casino services, online social casino gaming services, gaming equipment, playing cards, slot machines, clothing, merchandise, restaurant services, hotel services, and bar services.  The LADY LUCK® and LUCKY LADY® marks have become synonymous with the high-quality, casino-related goods and services Isle of Capri provides to millions of guests and customers.

3.      The registration for the trademark LADY LUCK for casino services is based on first use in 1967, and the mark has been in use since then.  The registration for the trademark LUCKY LADY for slot machine games is based on first use in 1988, and the mark has been in use since then.

4.      In October, 2014, approximately 47 years after Isle of Capri's predecessor in interest began using the LADY LUCK mark, and 26 years after it began using the LUCKY LADY mark, LFP IP, LLC (on information and belief, a trademark holding company controlled by Flynt) filed an intent-to-use application Serial No. 86427075 to register the LARRY FLYNT'S LUCKY LADY CASINO name for casinos.  The Defendants, Larry Flynt, the Larry Flynt Revocable Trust, Casino, LLC and DOES 1 through 10 are hereinafter collectively referred to as

1  "Flynt" or "Defendants."

2      5.     Immediately upon finding out about Flynt's filing of the intent-to-use

3  application to register the LUCKY LADY name, Isle of Capri sent Flynt's counsel a

4  letter apprising him of Isle of Capri's longstanding rights in the LADY LUCK and

5  LUCKY LADY marks, and demanding that Flynt abandon the application to

6  register LARRY FLYNT'S LUCKY LADY CASINO and abandon any plans to use

7  this name for a casino.

8      6.     After further correspondence and phone calls between counsel in which

9  Isle of Capri asserted its trademark rights, LFP IP, LLC acknowledged and

10  acquiesced to Isle of Capri's longstanding trademark rights and filed with the U.S.

11  Patent and Trademark Office an express abandonment of its application for LARRY

12  FLYNT'S LUCKY LADY CASINO.

13      7.     On or about July 29, 2016, despite having full knowledge of Isle of

14  Capri's trademark rights and despite having expressly abandoned the application to

15  register LARRY FLYNT'S LUCKY LADY CASINO, the Flynt Defendants began

16  misappropriating the Isle of Capri's LUCKY LADY® mark to identify a newly

17  opened casino in Gardena, California without authorization from Isle of Capri.

18      8.     Upon learning of Defendants' opening of their casino in Gardena under

19  the infringing LUCKY LADY name, on August 1, 2016, Isle of Capri's counsel

20  again sent Flynt a letter reminding them of Isle of Capri's longstanding rights in its

21  LADY LUCK® and LUCKY LADY® marks, and demanding that Flynt discontinue

22  all use of Isle of Capri's LUCKY LADY® mark for its casino.

23      9.     Despite the demand by Isle of Capri to discontinue all use of Isle of

24  Capri's LUCKY LADY® mark, on August 9, 2016, Flynt's counsel informed Isle of

25  Capri of Flynt's refusal to discontinue its use of Isle of Capri's LUCKY LADY®

26  mark for casino services and related goods and services, and stated that it "may

27  pursue an application in the future."

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

PLAINTIFF ISLE OF CAPRI CASINOS, INC.'S COMPLAINT

10.     Flynt's ongoing and intentional efforts to encroach upon Isle of Capri's intellectual property rights is likely to cause confusion with and disparage Isle of Capri's use of both of its LADY LUCK® and LUCKY LADY® trademarks for casino services and related goods and services, and to damage Isle of Capri's well-established rights and goodwill in those marks.

11.     Isle of Capri brings this action to terminate Defendants' unauthorized and infringing use of the LUCKY LADY name that is identical and confusingly similar to the LADY LUCK® and LUCKY LADY® registered marks owned by Isle of Capri, and for damages caused by Defendants' willful acts.

## PARTIES

12.     Plaintiff Isle of Capri is a Delaware corporation with its principal place of business at 600 Emerson Road, St. Louis, Missouri, 63141.  Isle of Capri is the owner of various trademarks, including those alleged herein.

13.     On information and belief, Defendant Larry Flynt is an individual residing in Los Angeles, California.

14.     On information and belief, Defendant Larry Flynt Revocable Trust is a trust organized under the laws of California, and is controlled by Larry Flynt.  On information and belief, Larry Flynt is the Trustee, Trustor, and Beneficiary of the Trust.

15.     On information and belief, Defendant Casino, LLC is a California limited liability company with its principal place of business in or near Los Angeles, California, and is owned and controlled by Larry Flynt.

16.     Records of the California Gambling Control Commission indicate that each Defendant is licensed as an owner of Larry Flynt's Lucky Lady Casino.

17.     Plaintiff is unaware of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and, therefore, sue these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and therefore

PLAINTIFF ISLE OF CAPRI CASINOS, INC.'S COMPLAINT

alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries as herein alleged were proximately caused by such defendants.

## JURISDICTION

18.    This action arises under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*  This Court has jurisdiction over the subject matter of Counts I–III pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338.

19.    This Court has jurisdiction over claims in this Complaint that arise under state statutory or common law pursuant to 28 U.S.C. §§ 1367(a) and 1338(b) because those claims are so related to the federal claims arising under the Lanham Act that they form part of the same case or controversy and derive from a common nucleus of operative facts.

20.    This Court has jurisdiction over Defendants because Defendants reside or can be found in this judicial district, and because they committed acts of infringement in this judicial district.

## VENUE

21.    The Central District of California is a proper venue for this action pursuant to 28 U.S.C. § 1391(b).  Defendants reside or can be found in this judicial district, and they committed acts of infringement in this judicial district.

## FACTS

### Isle of Capri and Its Trademarks

22.    For many decades, Isle of Capri has been well known by the general consuming public as a leader in the casino and gaming industry.  It is one of the top ten largest publicly held gaming companies in the United States.  It owns and operates riverboat, dockside, and land-based casinos at fifteen locations across the United States in Colorado, Pennsylvania, Iowa, Louisiana, Missouri, Mississippi, and Florida, including casinos operated under the LADY LUCK® name.  Some of its properties also offer hotel services.  Its casinos, hotels, bars, and restaurants

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    attract approximately fifteen million visitors per year.  In 2015, Isle of Capri had

2    gross revenues of $1.2 billion as a result of approximately 3 million annual guests,

3    and has approximately 7,000 employees.  Isle of Capri has customers in all 50

4    states.  As illustrated below, Isle of Capri also provides online social casino gaming

5    services throughout the United States under its LADY LUCK® trademark at

6    https://play.LADYLUCK.com.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386



16       23.    Isle of Capri also provides online retail shopping services throughout

17    the United States under its LADY LUCK® trademark at https://

18    shop.LADYLUCK.com.

5

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

24.     Among other media, Isle of Capri promotes its high quality and reputable casino services, online retail shopping services and retail items through display and use of its LADY LUCK® trademark in the operation of its website www. LADYLUCK.com, television and print advertising, YouTube video commercials, Facebook, signage, point of purchase displays, uniforms worn by casino, hotel and restaurant staff, and through word of mouth.  Isle of Capri also owns the 1-888-LADYLUCK toll free telephone number to promote its services.

25.     At least as early as 1968, Isle of Capri's predecessor in interest adopted and began using the LADY LUCK® trademark for casino services in interstate commerce.  Isle of Capri also registered its LADYLUCK.com domain name to promote its LADY LUCK® and LUCKY LADY® trademarks for casino services and related goods and services.  As illustrated on Isle of Capri's LADYLUCK.com website below, the LADY LUCK® trademark has been used since then.



26.     At least as early as 1988, Isle of Capri's predecessor in interest adopted and began using its LUCKY LADY® trademark for entertainment services, namely, slot machine games in interstate commerce.  The mark has been used since then.

27.     Isle of Capri owns all rights, title, and interest in and to its LADY LUCK® and LUCKY LADY® trademarks and service marks which cover a vast category of goods and services classes, including the following:

| Mark | Reg. # | Status | Class | Goods and Services (First Use In Commerce) |
|------|--------|--------|-------|--------------------------------------------|
| **LADY LUCK**® | 1165866 | Registered 8/18/1981 Active | 41/42 | Casino services (6/11/1968); Restaurant services. (6/11/1968) |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

| Mark | | Status | Class | Goods and Services |
|---|---|---|---|---|
| **LUCKY LADY**® | 1528853 | Registered 3/7/1989 Active | 41 | Entertainment services, namely slot machine games. (5/16/1988) |
| **LADY LUCK**® | 1530253 | Registered 3/14/1989 Active | 42 | Hotel services. (5/24/1983) |
| **LADY LUCK**® | 1650606 | Registered 7/16/1991 Active | 21/25 | Clothing, namely, caps, visors, sweatshirts, jackets, tee shirts, and golf shirts (8/1984); Drinking glasses, mugs, corkscrews, and bottle openers. (11/1986) |
| **LADY LUCK**® | 1613796 | Registered 9/18/1990 Active | 16/18 20/34 | Playing cards, pens, magnetic phone indexes and office travel kits consisting of rulers, scissors, tape, calculators, and the like (11/1986); Canvas boat bags (8/1988); Stadium cushions and plastic key rings (4/1989); Cigarette lighters. (8/1987) |
| **LADY LUCK**® | 1847065 | Registered 7/26/1994 Active | 42 | Bar services. (6/11/1968) |
| **LADY LUCK**® | 2238666 | Registered 4/13/1999 Active | 28 | Gaming equipment, namely game tables, game wheels, dice, and game chips. (4/1973) |

28.    Each of Isle of Capri's foregoing LADY LUCK® and LUCKY LADY® trademarks and service marks is valid, subsisting, and in full force and effect. Additionally, each of the registrations has become incontestable within the meaning of 15 U.S.C. §§ 1065 and 1115(b).

29.    Additionally, to reflect the natural expansion of the products and services Isle of Capri offers under its LADY LUCK® mark, Isle of Capri has filed with the USPTO numerous additional applications which are presently pending, including the following:

| Mark | App. # | Status | Class | Goods and Services (First Use In Commerce) |
|---|---|---|---|---|
| **LADY LUCK** | 86140861 (ITU App.) | Filed 12/11/2013 Active | 09/41 | Downloadable electronic game programs; Entertainment services, namely, providing temporary use |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | of non-downloadable electronic game programs. |
| **LADY LUCK** | 86563234 (ITU App.) | Filed 3/13/2015 | 30 | Barbecue sauce; Hot sauce |
| **LADY LUCK** | 86563232 (ITU App.) | Filed 3/13/2015 | 28 | Bobblehead dolls; Golf ball markers; Golf balls; Head covers for golf clubs. |
| **LADY LUCK** | 86563229 (ITU App.) | Filed 3/13/2015 | 26 | Belt buckles. |
| **LADY LUCK** | 86563223 (ITU App.) | Filed 3/13/2015 | 25 | Aprons; Belts for clothing; Boxer shorts; Camp shirts; Fleece pullovers; Hooded sweatshirts; Leather jackets; Polo shirts; Scarves; Socks. |
| **LADY LUCK** | 86563221 (ITU App.) | Filed 3/13/2015 | 24 | Blankets for outdoor use. |
| **LADY LUCK** | 86563209 (ITU App.) | Filed 3/13/2015 | 21 | Beverage stirrers; Bottle stoppers specially adapted for use with wine bottles; Coasters, not of paper and other than table linen; Cocktail shakers; Household utensils, namely, strainers |
| **LADY LUCK** | 86563178 (ITU App.) | Filed 3/13/2015 | 18 | Handbags; Leather and imitation leather bags; Luggage; Wallets made of leather or other materials. |
| **LADY LUCK** | 86563162 (ITU App.) | Filed 3/13/2015 | 16 | Coasters of cardboard; Giclee prints. |
| **LADY LUCK** | 86563152 (ITU App.) | Filed 3/13/2015 | 14 | Bracelets; Charms; Clocks; Cloisonne pins; Cuff links; Earrings; Necklaces; Rings; Watches |
| **LADY LUCK** | 86563150 (ITU App.) | Filed 3/13/2015 | 9 | Audio Speakers; Blank USB flash drives; Cell phone battery chargers; Cell phone cases. |

30.     Isle of Capri, either directly or through extensive use by its predecessor in interest, has also acquired significant common law rights in the LADY LUCK and LUCKY LADY marks for use with myriad goods and services offered by Isle of Capri.

31.     As a result of Isle of Capri's extensive promotion of the LUCKY

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

PLAINTIFF ISLE OF CAPRI CASINOS, INC.'S COMPLAINT

1 LADY® and LADY LUCK® marks, as well as Isle of Capri's extensive sales of

2 goods and services in connection with those marks, they are well known among the

3 general consuming public.  In the past two years alone, Isle of Capri has spent

4 almost 30 million dollars, time and resources in advertising, marketing, and

5 otherwise promoting goods and services in the United States in connection with the

6 marks.

7     32.    Isle of Capri has also expended significant effort and resources in

8 policing the attempted use of infringing marks by unauthorized third parties.  For

9 example, in addition to attempting to curtail Flynt's infringement of the LUCKY

10 LADY® and LADY LUCK® marks, Isle of Capri recently learned of another

11 infringer in San Diego similarly using the identical LUCKY LADY mark in

12 connection with casino services and that this infringer was recently the target of an

13 FBI raid.  Accordingly, Isle of Capri's counsel sent a letter dated August 9, 2016,

14 demanding that the San Diego casino operator cease and desist from all use of the

15 LUCKY LADY name in connection with any goods or services related to casinos.

16    **Flynt's Infringing Acts**

17     33.    Isle of Capri's rights to its LUCKY LADY® and LADY LUCK® marks

18 are superior to Defendants' rights in the name LARRY FLYNT'S LUCKY LADY

19 CASINO by virtue of Isle of Capri's prior registrations and longstanding use of its

20 marks in interstate commerce within the United States.

21     34.    The services identified in the previously abandoned application and

22 indicated by Defendants' recent actions in opening the new casino are identical or

23 confusingly similar to the services performed by Isle of Capri under its LUCKY

24 LADY® and LADY LUCK® marks.

25     35.    On May 12, 2015, LFP IP, LLC filed a request for express

26 abandonment of its application to register LUCKY LADY name.  On May 14, 2015,

27 the USPTO issued a notice of the express abandonment.

28     36.    Over a year later, on or about July 29, 2016, Defendants began using

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

the infringing LUCKY LADY name for their newly opened casino in Gardena, California.  This was done without the permission or consent of Isle of Capri.

37.     As illustrated by their website screenshot below, Defendants also operate another nearby casino knows as "Hustler Casino":



38.     Defendant Flynt is the founder of the well-known Hustler magazine, described in Wikipedia as "a monthly pornographic magazine published in the United States."  Wikipedia, Hustler, https://en.wipiedia.org/wiki/Hustler (last visited Aug. 4, 2016).  On information and belief, Defendant Flynt also operates "Hustler Club" strip clubs in locations such as nearby Las Vegas, as illustrated below:

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

PLAINTIFF ISLE OF CAPRI CASINOS, INC.'S COMPLAINT

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1
2
3
4
5
6
7
8
9
10
11
12
13
14



CALL US AT (844)795-3131

## Top Las Vegas Strip Club

15   39.   Defendants' LUCKY LADY casino in Gardena likewise has an adult

16   theme.  As illustrated below, the large outdoor signage recently used depicted a

17   scantily clad woman with her legs draped across the "Y" in LUCKY:

18
19
20
21
22
23
24
25
26
27



28

PLAINTIFF ISLE OF CAPRI CASINOS, INC.'S COMPLAINT

40.     Accordingly, some members of the Gardena City Council objected to the lewd character of the sign.  Further, as illustrated below, the betting chips at Defendants' casino have a photo of a naked woman crouching suggestively under the infringing LUCKY LADY name.



As shown in the photograph below, the uniforms worn by the dealers and the casino tables at Defendants' casino both display the infringing LUCKY LADY name.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

PLAINTIFF ISLE OF CAPRI CASINOS, INC.'S COMPLAINT

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386



44.     The goods and services offered at Defendants' casino operating under the infringing LUCKY LADY name are identical or closely related to the goods and services offered by Isle of Capri under LADY LUCKY and LUCKY LADY marks.

45.     Defendants' infringing LUCKY LADY name is identical and highly similar to Isle of Capri's respective LUCKY LADY® and LADY LUCK® marks in sight, sound, and commercial impression.  The similarity between the Defendants' mark and Isle of Capri's LUCKY LADY® and LADY LUCK® marks is likely to cause confusion of source among consumers.  Additionally, the lewd and suggestive nature of defendants' use of the mark and the perceived association with defendants' strip clubs and publications will cause irreparable harm to Isle of Capri.

PLAINTIFF ISLE OF CAPRI CASINOS, INC.'S COMPLAINT

46.     Upon learning of Defendants' opening of the LUCKY LADY casino in Gardena, Isle of Capri's counsel in a letter dated August 1, 2016, again asked Flynt to cease and desist from all use of the infringing LUCKY LADY name in connection with any goods or services related to casinos.

47.     Responding through counsel, Flynt informed Isle of Capri of its position that it would not stop using the mark.  Despite the demand by Isle of Capri to discontinue all use of Isle of Capri's LUCKY LADY mark, on August 9, 2016, Flynt's counsel informed Isle of Capri that it was refusing to discontinue its use of the infringing LUCKY LADY name for casino services and related goods and services, and stated that it "may pursue an application in the future."

48.     Flynt's ongoing and intentional efforts to encroach upon Isle of Capri's intellectual property rights is likely to cause confusion with and disparage Isle of Capri's use of both of its LADY LUCK® and LUCKY LADY® trademarks for casino services and related goods and services, and to damage Isle of Capri's well-established rights and goodwill in those marks.

49.     As shown below on Flynt's casino tables and LinkedIn site, its infringing LUCKY LADY name is identical to Isle of Capri's LUCKY LADY® the registered trademark and substantially identical to the its LADY LUCK® mark:



PLAINTIFF ISLE OF CAPRI CASINOS, INC.'S COMPLAINT

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386



Welcome to Larry Flynt's newest casino. Lucky Lady is a luxurious, classic and fantastic casino that is open twenty-four hours every day of the year, and specializes in card games, classic games like Blackjack, Texas Hold'em, Three Card Poker, Pai Gow Poker and more. Lucy Lady features poker tables, and California Games such as Pai Gow Poker, Baccarat, Pai Gow Tiles, Three Card Poker, and more.

50.    Notwithstanding Defendants' knowledge of Isle of Capri's prior rights in the LUCKY LADY® and LADY LUCK® marks, they have refused to comply with Isle of Capri's demands.

51.    Isle of Capri has never authorized Defendants' use of the Defendants' infringing LUCKY LADY name.

52.    Defendants' conduct in using the infringing "LUCKY LADY" name for casino services that is identical and strikingly similar to Plaintiff's LUCKY LADY® and LADY LUCK® marks is intentional and deliberate.

**Defendants are Causing Irreparable Harm to Plaintiff**

53.    By reason of Defendants' unlawful acts, Plaintiff has suffered and will continue to suffer damage to its business, reputation and goodwill, as well as the loss of sales and profits Plaintiff would have realized but for Defendants' acts. Upon information and belief, unless restrained and enjoined, Defendants will continue to infringe disparage Plaintiff's rights in the LUCKY LADY® and LADY LUCK® marks and continue to cause irreparable injury to Plaintiff by:

a.    Depriving Plaintiff of its right to use and control the use of its LUCKY LADY® and LADY LUCK® marks;

b.    Creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of the casino services

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

PLAINTIFF ISLE OF CAPRI CASINOS, INC.'S COMPLAINT

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    and related services and goods sold under the infringing

2    "LUCKY LADY" name;

3    c.   Falsely causing the public to associate Plaintiff with Flynt and/or

4         its products and services, or vice versa;

5    d.   Causing harm to Plaintiff's goodwill and diluting the capacity of

6         its LUCKY LADY® and LADY LUCK® marks to differentiate

7         Plaintiff's services from others; and

8    e.   Causing Plaintiff to lose sales.

9    54.   Plaintiff's remedy at law is not adequate to compensate Plaintiff for all

10   of the resulting injuries arising from Flynt's actions.

11   <u>COUNT I</u>

12   **Infringement of Federally Registered Trademarks (15 U.S.C. § 1114)**

13   55.   Isle of Capri adopts and incorporates by reference paragraphs 1-50 as if

14   fully restated herein.

15   56.   Isle of Capri owns and has rights to use its federally registered LUCKY

16   LADY® and LADY LUCK® marks in connection with casino services and related

17   goods and services.

18   57.   Defendants use the LUCKY LADY name in connection with casino

19   services and related goods and services.

20   58.   Isle of Capri's rights in its aforementioned registered LADY LUCK

21   and LUCKY LADY marks predate Defendants' first use of the LUCKY LADY

22   name.

23   59.   The LUCKY LADY name is identical or highly similar to Isle of

24   Capri's LUCKY LADY® and LADY LUCK® marks in sight, sound, and

25   commercial impression.

26   60.   The goods and services on which Flynt uses its LUCKY LADY name

27   are the same as, or related to, the goods on which Isle of Capri uses its LADY

28   LUCK and LUCKY LADY marks.

PLAINTIFF ISLE OF CAPRI CASINOS, INC.'S COMPLAINT

61.     Defendants' use of the LUCKY LADY name is likely to cause confusion with Isle of Capri's use of its registered marks in violation of Section 32 of the Lanham Act, as amended, 15 U.S.C. § 1114.

62.     As a direct and proximate result of Defendants' unauthorized use of the LUCKY LADY name, Isle of Capri has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation, and goodwill.

63.     Defendants, by using the LUCKY LADY name without Isle of Capri's approval or consent, and yet with knowledge of Isle of Capri's rights in its LADY LUCK and LUCKY LADY marks, and again with knowledge of Isle of Capri's objections to use of the Defendants' mark, have willfully infringed upon the rights of Isle of Capri, with an intent to trade upon the fame and goodwill associated with Isle of Capri's LADY LUCK and LUCKY LADY marks.

64.     Isle of Capri is without an adequate remedy at law to redress Defendants' acts complained of herein and will be irreparably harmed unless Defendants are enjoined from committing and continuing to commit such acts.

## COUNT II

### False Designation of Origin (15 U.S.C. § 1125(a))

65.     Isle of Capri adopts and incorporates by reference paragraphs 1-60 as if fully restated herein.

66.     Through longstanding use, Isle of Capri, directly or through its predecessor in interest, owns and has rights to use the LADY LUCK and LUCKY LADY marks in connection with casino services.

67.     Defendants use the LUCKY LADY name in connection with casino services and other related goods and services.

68.     Isle of Capri's rights in its aforementioned LADY LUCK and LUCKY LADY marks predate Defendants' first use of, and application to register, the LUCKY LADY name in connection with casino services and related goods and services.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

69.     Defendants' use of the LUCKY LADY name is likely to cause confusion with Isle of Capri's use of its LADY LUCK and LUCKY LADY marks in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

70.     As a direct and proximate result of Defendants' unauthorized use of the LUCKY LADY name, Isle of Capri has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation, and goodwill.

71.     Defendants, by using the LUCKY LADY name without Isle of Capri's approval or consent, and with knowledge of Isle of Capri's rights in its LADY LUCK and LUCKY LADY marks, and with knowledge of Isle of Capri's objections to use of the Defendants' mark, have willfully infringed upon the rights of Isle of Capri, with an intent to trade upon the fame and goodwill associated with Isle of Capri's LADY LUCK and LUCKY LADY marks.

72.     Isle of Capri is without an adequate remedy at law to redress Defendants' acts complained of herein and will be irreparably harmed unless Defendants are enjoined from committing and continuing to commit such acts.

## COUNT III

### Federal Trademark Counterfeiting in Violation of 15 U.S.C. §1114

73.     Isle of Capri adopts and incorporates by reference paragraphs 1-68 as if fully restated herein.

74.     Flynt has used, and is using, Plaintiff's valuable LUCKY LADY® and LADY LUCK® marks in interstate commerce in connection with Flynt's inferior counterfeit goods and services in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's marks, services and goods.

75.     Flynt's acts as alleged above were with the purpose of exploiting and trading on the substantial goodwill and reputation of Plaintiff as symbolized by the LUCKY LADY® and LADY LUCK® marks.  Such intentional acts on the part of Flynt have damaged Plaintiff's goodwill as symbolized by the LUCKY LADY® and LADY LUCK® marks, causing Plaintiff immediate and irreparable damage.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

PLAINTIFF ISLE OF CAPRI CASINOS, INC.'S COMPLAINT

76.    Flynt's acts as alleged above have caused confusion, mistake, and deception, and are likely to continue to cause confusion, mistake, and deception, and have infringed upon Plaintiff's exclusive rights in its trademarks.

77.    Flynt had actual knowledge of Plaintiff's exclusive rights in the LUCKY LADY® and LADY LUCK® marks and willfully and deliberately infringed Plaintiff's rights in the LUCKY LADY® and LADY LUCK® marks.

78.     Plaintiff's valuable reputation and goodwill in its trademarks have been tarnished, damaged and will continue to suffer irreparable and monetary harm. Flynt has also been unjustly enriched by its actions as alleged above.

79.    Such acts by Flynt constitute trademark infringement and counterfeiting, in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114, inter alia.

## COUNT IV

**Violation of California Business and Professions Code §§17200 *et seq*.**

80.    Isle of Capri adopts and incorporates by reference paragraphs 1-75 as if fully restated herein.

81.    Defendants have used and are using the LUCKY LADY name in connection with the sale, offering for sale, distribution, promotion, and advertising of its goods and services in commerce in such a manner as to cause a likelihood of confusion or of misunderstanding as to the source of its goods and services and those of Isle of Capri.  Defendants' use of the LUCKY LADY name will also result in confusion as to, sponsorship, or approval, or certification of its goods or services by Isle of Capri.

82.    As a direct and proximate result of Defendants' use of the LUCKY LADY name, Isle of Capri has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation, and goodwill.

83.    Defendants, by using the LUCKY LADY name without Isle of Capri's approval or consent, and with knowledge of Isle of Capri's rights in its LUCKY

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

PLAINTIFF ISLE OF CAPRI CASINOS, INC.'S COMPLAINT

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1 LADY® and LADY LUCK® marks, and with knowledge of Isle of Capri's

2 objections to use of the Defendants' mark, have willfully infringed upon the rights

3 of Isle of Capri, with an intent to trade upon the fame and goodwill associated with

4 Isle of Capri's LUCKY LADY® and LADY LUCK® marks.

5      84.    Isle of Capri is without an adequate remedy at law to redress

6 Defendants' acts complained of herein and will be irreparably harmed unless

7 Defendants are enjoined from committing and continuing to commit such acts.

8      85.    Defendants' acts complained of herein thus violate the California

9 Business and Professional Code §§17200 *et seq.*

## **PRAYER FOR RELIEF**

11     WHEREFORE, Isle of Capri requests that judgment be granted in its favor

12 and against the Defendants and that this Court award it the following relief:

13     A.    A preliminary injunction and a final, permanent injunction against

14 Defendants and all those in active concert or participation with Defendants,

15 prohibiting them from using the mark LUCKY LADY or LADY LUCK, or any

16 formative thereof, or any confusingly similar mark, in connection with any casino

17 services, slot machine games, gaming equipment, playing cards, clothing,

18 merchandise, restaurant services, hotel services, bar services, or any other goods or

19 services related to casino services.

20     B.    An order that all labels, packaging, wrappers, signs, prints, banners,

21 posters, brochures, or other advertising, marketing, or promotional materials bearing

22 the mark LUCKY LADY or LADY LUCK, or any formative thereof, or any

23 confusingly similar mark, be disabled, removed, and destroyed, along with the

24 means for making the same, and that all Internet websites, online advertising,

25 marketing, promotions, or other online materials bearing the mark be disabled,

26 removed, and destroyed;

27     C.    An order that Defendants must file with the Court and serve on Isle of

28 Capri' counsel within 30 days after entry of the injunction, a written report, sworn

PLAINTIFF ISLE OF CAPRI CASINOS, INC.'S COMPLAINT

1 under oath, setting forth in detail the manner and form in which Defendants have

2 complied with the injunction;

3       D.     A judgment awarding Plaintiff its attorneys' fees and the greater of

4 triple the amount of actual damages suffered by Plaintiff pursuant to 15 U.S.C. §

5 1117(b) or statutory damages under 15 U.S.C. § 1117(c) for Defendants'

6 counterfeiting of the LUCKY LADY® and LADY LUCK® marks;

7       E.     Damages in an amount to be proven at trial sufficient to compensate

8 Isle of Capri for all damages caused by Defendants' conduct, with such damages to

9 be trebled if appropriate within the Court's discretion;

10       F.     Disgorgement of all profits or other unjust enrichment obtained by

11 Defendants as a result of the conduct complained of herein, with the amount of such

12 profits increased to the extent they are inadequate to compensate Isle of Capri for

13 the harm incurred as a result of Defendants' acts;

14       G.     Any other remedy to which Plaintiff may be entitled, including all

15 remedies provided for in 15 U.S.C. § 1117, Cal. Bus. & Prof. Code §§ 17200,

16 17203, *et seq.*, and any other applicable Federal or state law;

17       H.     Reasonable funds for future corrective advertising;

18       I.     All allowable costs associated with this action;

19       J.     Isle of Capri's attorneys' fees under 15 U.S.C. § 1117;

20       K.     Pre and post-judgment interest; and

21       L.     Any and all additional relief that this Court deems just.

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

PLAINTIFF ISLE OF CAPRI CASINOS, INC.'S COMPLAINT

1

## JURY DEMAND

2      Isle of Capri hereby demands a trial by jury on all issues as to which trial by

3 jury is allowed.

4

5 Dated:   August 16, 2016                     Respectfully submitted,

6

7                                              **BRYAN CAVE LLP**

8                                              ROBERT G. LANCASTER

9                                              By:/s/ Robert G. Lancaster

10                                                   Robert G. Lancaster

11

12                                             Daniel M. O'Keefe, *pro hac vice pending*
                                               *dmokeefe@bryancave.com*

13                                             One Metropolitan Square
                                               211 North Broadway, Suite 3600

14                                             St. Louis, MO  63102-2750

15                                             Telephone:  (314) 259-2000
                                               Fax:  (314) 259-2020

16

17

18                                             **DAVIS McGRATH LLC**
                                               William T. McGrath, *pro hac vice to be filed*

19                                             *wmcgrath@davismcgrath.com*

20                                             Ross M. Drath, *pro hac vice to be filed*
                                               *rdrath@davismcgrath.com*

21                                             125 South Wacker Drive, Suite 1700
                                               Chicago, Illinois 60606

22                                             Telephone:  (312) 332-3033

23                                             Fax:  (312) 332-6376

24                                             Attorneys for Plaintiff

25                                             ISLE OF CAPRI CASINOS, INC.

26

27

28

PLAINTIFF ISLE OF CAPRI CASINOS, INC.'S COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1

PROOF OF SERVICE